Filed 5/31/16  P. v. Yanez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>VENANCIO YANEZ,<br><br>    Defendant and Appellant. | G050204<br><br>(Super. Ct. No. 12WF3529)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Kimberly Menninger, Judge.  Affirmed.

Nancy J. King, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

Appellant Venancio Yanez was convicted of continuous sexual abuse of a child under the age of 14 and two counts each of sexually penetrating a child age 10 or younger and committing a lewd act on a child under the age of 14. (Pen. Code, §§ 288.5, subd. (a), 288.7, subd. (b), 288, subd. (a)).[1] The jury also found the lewd acts constituted substantial sexual conduct. (§ 1203.066, subd. (a)(8).) The trial court sentenced appellant to prison for 15 years to life, plus 20 years. Appellant contends there is insufficient evidence to support his conviction for continuous sexual abuse because the record is devoid of substantial evidence he sexually abused the victim three or more times over a period of at least three months. He also contends the trial court erred in failing to instruct the jury on sexual penetration of a person under the age of 18 as a lesser included offense of sexual penetration of a child age 10 or younger. Finding appellant's contentions unmeritorious, we affirm the judgment.

FACTS

S.O. is appellant's stepdaughter. She was born in June 1998, and from 2005 to 2012, she lived in Westminster with her mother, two younger siblings and appellant. One day when S.O. was seven years old, appellant came into her room while she was changing and touched her breasts and buttocks over her clothing. The touching made S.O. uncomfortable, but she was too scared to tell anyone about it.

In the wake of that incident, appellant touched S.O. inappropriately on several other occasions. S.O., who was 15 years old at the time of trial, was unable to recall the details of every incident. However, she testified the touching continued "pretty much the same" during the time she was seven and eight years old. Sometimes appellant "just touched [her] chest area," and "sometimes he would just touch [her] butt." Sometimes he only touched over her clothing, and sometimes he went underneath her clothing.

---

[1] All further statutory references are to the Penal Code.

When S.O. was nine, she and her family moved to Garden Grove, and appellant's abuse expanded to include her vaginal area. Appellant touched and digitally penetrated S.O.'s vagina on multiple occasions when she was nine and ten years old. One time during this period, appellant also had S.O. reach inside his pants and touch his penis.

When S.O. was 12 or 13 years old, her younger sister walked into her room while appellant was molesting her. Her sister told their mother, who promptly kicked appellant out of the house. But appellant moved back in two weeks later, after promising to change his behavior. He and S.O.'s mother got married shortly thereafter, in June 2012, and things were fine for awhile.

In November 2012, appellant relapsed and started touching S.O. inappropriately again. S.O. told her mother about this, and on Christmas day 2012, they went to the police and reported appellant. At an investigator's behest, S.O. also made a pretext call to appellant during which he apologized to her and promised not to touch her again.

Three days later, S.O. was interviewed by a member of the Child Abuse Service Team (CAST). During the interview, S.O. said that starting at about the age of seven, appellant touched her multiple times on her breasts and buttocks. And then after she turned nine, he touched and/or penetrated her vagina about three times a week.

DISCUSSION

*Sufficiency of the Evidence*

Appellant was convicted of committing continuous sexual abuse against S.O. between the time she turned seven (June 2005) and the time she turned nine (June 2007), in violation of section 288.5. That section makes it illegal for a person to commit three or more acts of sexual abuse against a child under the age of 14 for a period of at

3

least three months. (§ 288.5, subd. (a).) Appellant claims there is insufficient evidence he abused S.O. in this fashion, but we disagree.[2]

"In reviewing the sufficiency of the evidence to support a criminal conviction, we review the record '"in the light most favorable to the judgment to determine whether it discloses substantial evidence – that is, evidence that is reasonable, credible and of solid value – such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." [Citation.]' [Citation.] We do not reweigh the evidence or revisit credibility issues, but rather presume in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. [Citation.]" (*People v. Pham* (2009) 180 Cal.App.4th 919, 924-925.) Where the circumstances reasonably justify the jury's findings, it does not matter that they might also reasonably be reconciled with a contrary finding; reversal is not required unless there is no hypothesis under which there is substantial evidence to support the verdict. (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)

Appellant is correct that S.O. was unable to remember the exact dates on which he sexually abused her. However, she testified the abuse started when she was seven years old and continued "pretty much the same" until the time she turned nine. Although the touching during this period was limited to S.O.'s breasts and buttocks, there was considerable variance in terms of how it occurred from one time to another. On the first occasion, appellant touched S.O.'s breasts and buttocks, but other times he touched only her breasts, and still other times he touched only her buttocks. In addition, sometimes the touching was exclusively over her clothing, and other times it included skin-on-skin contact. Given the variety of ways in which the touching occurred, and the

---

[2] Although defense counsel conceded the section 288.5 charge in closing argument, that does not obviate our duty to independently review the record and ensure the evidence was legally sufficient to justify appellant's conviction for that offense. (See *Jackson v. Virginia* (1979) 443 U.S. 307 [a conviction that lacks substantial evidentiary support violates due process].)

4

length of time over which it occurred, the jury could reasonably infer appellant sexually abused S.O. at least three times over a period of three months or more. We therefore reject his challenge to the sufficiency of the evidence.

*Instruction on Lesser Included Offense*

Appellant also contends his two convictions for sexually penetrating a child age 10 or younger (§ 288.7, subd. (b)) must be reversed because the trial court failed to instruct the jury on the lesser included offense of sexual penetration of a person under the age of 18 (§ 289, subd. (h)). Again, we disagree.

Although appellant did not ask the court to instruct on this lesser offense, "California law has long provided that even absent a request . . . a trial court must instruct a criminal jury on any lesser offense 'necessarily included' in the charged offense, if there is substantial evidence that only the lesser crime was committed." (*People v. Birks* (1998) 19 Cal.4th 108, 112.) "[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*Id.* at 117.)

The primary difference between sections 288.7 and 289 is the age of persons they are designed to protect. Section 288.7, subdivision (b) makes it illegal to "engage[] in oral copulation or sexual penetration . . . with a child who is 10 years of age or younger[.]" And section 289, subdivision (h) penalizes "any person who participates in an act of sexual penetration with another person who is under 18 years of age[.]" In this case, the information alleged appellant unlawfully engaged in sexual penetration with a child age 10 or younger. Therefore, as respondent admits, section 289 was a lesser included offense of section 288.7 under the accusatory pleading test.

Nonetheless, there was not substantial evidence from which a reasonable jury could conclude that only the lesser offense was committed. In particular, there was not substantial evidence showing appellant sexually penetrated S.O. only after she turned

11 years old. In fact, S.O. was quite clear in her testimony that appellant expanded his abuse of her to include digital penetration of her vagina when she turned nine years old. Describing the frequency of the abuse, she said the penetration occurred multiple times when she was nine and ten years old. And during her CAST interview, S.O. reiterated that after she turned nine, appellant touched and penetrated her vagina with his fingers about three times per week. Thus, the evidence of sexual penetration centered around the time S.O. was nine and ten years old. Although appellant continued to abuse S.O. until she was 12 or 13 years old, it is exceedingly unlikely the jury would have concluded the multiple instances of digital penetration she endured occurred only after the time she turned 11. Because there was not substantial evidence to support this conclusion, the trial court was not required to instruct the jury on the lesser included offense of sexual penetration of a person under the age of 18.

DISPOSITION

The judgment is affirmed.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


THOMPSON, J.


6